# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SABRINA PATRICE THOMAS GIBSON,<br><br>    Plaintiff,<br><br>vs.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Case No.: 1:19-cv-00563-JDP<br><br>STIPULATION AND ORDER FOR THE AWARD AND PAYMENT OF ATTORNEY FEES AND EXPENSES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d) AND COSTS PURSUANT TO 28 U.S.C. § 1920 |

TO THE HONORABLE JEREMY D. PETERSON, MAGISTRATE JUDGE OF THE DISTRICT COURT:

IT IS HEREBY STIPULATED, by and between the parties through their undersigned counsel, subject to the approval of the Court, that Sabrina Patrice Thomas Gibson be awarded attorney fees in the amount of one thousand seven hundred dollars ($1,700.00) under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), and costs in the amount of zero dollars ($0.00) under 28 U.S.C. § 1920. This amount represents compensation for all legal services rendered on

behalf of Plaintiff by counsel in connection with this civil action, in accordance with 28 U.S.C. §§ 1920; 2412(d).

After the Court issues an order for EAJA fees to Sabrina Patrice Thomas Gibson, the government will consider the matter of Sabrina Patrice Thomas Gibson's assignment of EAJA fees to Young Cho. The retainer agreement containing the assignment is attached as exhibit 1. Pursuant to *Astrue v. Ratliff*, 130 S.Ct. 2521, 2529 (2010), the ability to honor the assignment will depend on whether the fees are subject to any offset allowed under the United States Department of the Treasury's Offset Program. After the order for EAJA fees is entered, the government will determine whether they are subject to any offset.

Fees shall be made payable to Sabrina Patrice Thomas Gibson, but if the Department of the Treasury determines that Sabrina Patrice Thomas Gibson does not owe a federal debt, then the government shall cause the payment of fees, expenses and costs to be made directly to Law Offices of Lawrence D. Rohlfing, pursuant to the assignment executed by Sabrina Patrice Thomas Gibson.[1] Any payments made shall be delivered to Young Cho.

This stipulation constitutes a compromise settlement of Sabrina Patrice Thomas Gibson's request for EAJA attorney fees, and does not constitute an admission of liability on the part of Defendant under the EAJA or otherwise. Payment of the agreed amount shall constitute a complete release from, and bar to, any and all claims that Sabrina Patrice Thomas Gibson and/or Young Cho including Law Offices of Lawrence D. Rohlfing may have relating to EAJA attorney fees in connection with this action.

---

[1] The parties do not stipulate whether counsel for the plaintiff has a cognizable lien under federal law against the recovery of EAJA fees that survives the Treasury Offset Program.

This award is without prejudice to the rights of Young Cho and/or the Law Offices of Lawrence D. Rohlfing to seek Social Security Act attorney fees under 42 U.S.C. § 406(b), subject to the savings clause provisions of the EAJA.

DATE: January 24, 2020　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　LAW OFFICES OF LAWRENCE D. ROHLFING

　　　　　　　　　　　　　　　　/s/ *Young Cho*
　　　　　　　　　　BY:_____
　　　　　　　　　　　　　　　　Young Cho
　　　　　　　　　　　　　　　　Attorney for plaintiff
　　　　　　　　　　　　　　　　Sabrina Patrice Thomas Gibson


DATED: January 24, 2020　　　　McGREGOR W. SCOTT
　　　　　　　　　　　　　　　　United States Attorney


　　　　　　　　　　　　　　　　/s/ *Patrick W. Snyder*
　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　PATRICK W. SNYDER
　　　　　　　　　　　　　　　　Special Assistant United States Attorney
　　　　　　　　　　　　　　　　Attorneys for Defendant
　　　　　　　　　　　　　　　　ANDREW SAUL, Commissioner of Social
　　　　　　　　　　　　　　　　Security (Per e-mail authorization)

ORDER

This agreement is approved as stipulated.

IT IS SO ORDERED.

Dated:   January 28, 2020             _____
                                      UNITED STATES MAGISTRATE JUDGE

No. 204.