UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SABRINA PATRICE THOMAS GIBSON,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case No. 1:19-cv-00563-HBK<br><br>ORDER GRANTING COUNSEL'S UNOPPOSED MOTION FOR ATTORNEY'S FEES<br><br>(Doc. No. 16)<br><br>ORDER FOR CLERK TO MAIL A COPY OF THIS ORDER TO PLAINTIFF |

Young Chul Cho ("Counsel") of the Law Offices of Lawrence D. Rohlfing, attorney for Sabrina Patrice Thomas Gibson ("Plaintiff"), moved on March 26, 2021 for attorney's fees pursuant to 42 U.S.C. § 406(b). (Doc. No. 16). Plaintiff was served with the motion and told she had 14 days to object. (*Id.* at 2, 13). No opposition has been filed as of the date of this Order. (*See* docket). For the reasons set forth below, the motion for attorney's fees is granted in the amount of $8,091.00 subject to an offset of $1,700.00 in fees already awarded on January 30, 2020, pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). (Doc. No. 15).

## I. BACKGROUND

On April 30, 2019, Plaintiff brought the underlying action seeking judicial review of a final administrative decision denying Plaintiff's claim for supplemental security income benefits under the Social Security Act. (Doc. No. 1). On November 25, 2019, the Court granted the

Parties' stipulation to a voluntary remand pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. Nos. 11, 12). The Court entered an award of $1,700.00 for attorney fees under the Equal Access to Justice Act ("EAJA") on January 30, 2020. (Doc. No. 15). After remand, the presiding administrative law judge issued a fully favorable decision awarding Plaintiff benefits on December 23, 2020. (Doc. No. 16-2). Plaintiff was awarded $56,365.36 in retroactive benefits. (Doc. No. 16-3 at 3).

On March 26, 2021, Counsel filed this motion for attorney's fees in the amount of $8,091.00, with an offset of $1,700.00 for EAJA fees already awarded. (Doc. No. 16). To collect those fees, Counsel requests they be sent directly from the Commissioner of Social Security to her law firm, the Law Offices of Lawrence D. Rohlfing. (*Id.*). Counsel argues these fees are reasonable because the contingency fee agreement, which Plaintiff signed, permits Counsel to retain 25% of the past-due benefits. (Doc. No. 16 at 4-5; Doc. No. 16-1).

## II.   APPLICABLE LAW

Attorneys may seek a reasonable fee under the Social Security Act for cases in which they have successfully represented social security claimants. Section 406(b) allows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled …

42 U.S.C. § 406(b)(1)(A) (emphasis added).

A plaintiff's counsel may recover attorneys' fees under both 42 U.S.C. § 406(b) and EAJA. *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). The plaintiff's attorney must, however, refund to the plaintiff the amount of the smaller fee. *Id.*

Fees in social security cases "are usually set in contingency-fee agreements and are payable from past-due benefits awarded to the claimant." *Biggerstaff v. Saul*, 840 F. App'x 69, 70 (9th Cir. 2020). The fee is not *borne* by the Commissioner. *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009). This provision's purpose is in part to "ensure that attorneys representing successful claimants would not risk nonpayment of [appropriate] fees." *Gisbrechtt,* 535 U.S. at

2

805 (internal quotations omitted). When weighing the adequacy of requested attorney's fees, Courts should respect "the primacy of lawful attorney-client fee agreements." *Id.* at 793. Counsel still bears the burden, however, of showing the requested fees are reasonable. *Id.* at 807. In determining reasonableness, the court may consider the experience of the attorney, the results they achieved, and whether there is evidence the attorney artificially increased the hours worked or the hourly rate charged. *Id.* at 807-808; *Crawford*, 586 F.3d at 1151. Any 406(b) award is offset by attorney fees granted under the EAJA. *Parrish v. Comm'r of Soc. Sec. Admin.*, 698 F.3d 1215, 1219 (9th Cir. 2012)

### III.     ANALYSIS

Here, Plaintiff signed a fee agreement providing, "the fee for successful prosecution of this matter is 25% of the past due benefits awarded." (Doc. No. 16-1). Counsel was ultimately successful in securing $56,365.36 in retroactive benefits for Plaintiff. (Doc. No. 16-3 at 3). In support of this motion, Counsel submitted a time sheet indicating they expended 6.5 hours in attorney time and 3.5 hours in paralegal time on this matter. (Doc. No. 16 at 11; Doc. No. 16-4). The time Counsel spent in successfully attaining Plaintiff's benefits does not appear inflated.

Counsel's request for $8,091.00 in fees for ten hours of work results in an hourly rate of $809.10 for the combined attorney and paralegal work.[1] In 2008, the Ninth Circuit found similar hourly rates reasonable in social security contingency fee arrangements. *Crawford*, 586 F.3d at 1153 (explaining that the majority opinion found reasonable effective hourly rates equaling $519.00, $875.00, and $902.00) (J. Clifton, concurring in part and dissenting in part). More recently, this Court approved an hourly rate of $1,025.22 for paralegal and attorney time. *Mayfield v. Comm'r of Soc. Sec.*, No. 1:16-cv-01084-SAB, ECF No. 24, at 5 (E.D. Cal. March 19, 2020). Attorney hourly rates inevitably rise as their experience increases, and Plaintiff has been working as a social security lawyer for over twenty years. (Doc. No. 16 at 12). The $8,091.00 sought by Counsel is 14.4% of the $56,365.36 in retroactive benefits, well below the amount stipulated to in the contingency agreement. The *Gisbrecht* factors all cut in favor of findings the

---

[1] Counsel does not indicate their typical hourly rate or the typical hourly rate for their paralegal.

3

requested $8,091.00 to be reasonable.

Counsel was previously awarded $1,700.00 in fees pursuant to the EAJA. Because that amount must be subtracted from the requested attorney's fees, the Court will order an award of $6,391.00.

Accordingly, it is **ORDERED**:

1. Plaintiff's Counsel's motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b) is GRANTED (Doc. No. 16). Counsel is awarded $6,391.00 in attorney fees.

2. Pursuant to Counsel's request, this amount shall be paid directly to the Law Offices of Lawrence D. Rohlfing by the Commissioner from the remainder of the benefits due to Plaintiff.

3. The Clerk of the Court is respectfully directed to serve a copy of this order on Sabrina Patrice Thomas Gibson, 5388 West Donner Avenue, Fresno, CA 93722.

IT IS SO ORDERED.

Dated: June 28, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE